```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
Santino Tomaino,

                          Plaintiff,                              MEMORANDUM & ORDER
                                                                  24-CV-02802 (DG) (ARL)
            -against-

Town of Brookhaven, et al.,

                          Defendants.
----------------------------------------------------------------X
```

DIANE GUJARATI, United States District Judge:

On April 29, 2024, Plaintiff Santino Tomaino, proceeding *pro se*, commenced this action against various defendants. *See generally* Complaint ("Compl."), ECF No. 1.[1] Pending before the Court is the Motion to Dismiss (the "Motion") brought pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure by Defendants Town of Brookhaven, Peter LaGatta, Lamarr Wooten, James Dunmore, Robert Castineras, and Anthony Abbatiello (collectively, "Defendants"). *See* Motion, ECF No. 19. In summary, and as discussed more fully below,

---

[1] In the Complaint, Plaintiff identified the defendants to this action as: "Town of Brookhaven," "Town of Brookhaven Each and Every Employee," "John Doe & Jane Doe," and "Tina Doe & Keith Doe." *See* Compl. at 2-3. Since the filing of the Complaint, the following individuals were identified as defendants: Peter LaGatta, Lamarr Wooten, James Dunmore, Robert Castineras, and Anthony Abbatiello. *See* ECF No. 9. In addition, since the filing of the Complaint, Plaintiff has represented that "Keith Doe" is Keith Ramistella and Plaintiff requests that "Keith Doe" be replaced in this action by Keith Ramistella. *See* ECF No. 18 at 1; ECF No. 20 at 1. This request – which does not affect the Court's decision herein – should be directed to Magistrate Judge Arlene R. Lindsay.

When citing to the Complaint, the Court uses the page numbers generated by the Court's electronic case filing system ("ECF"). For ease of readability, when quoting from the Complaint, the Court has not in all instances retained the original capitalization, punctuation, and/or formatting. Alterations are not material.

In light of Plaintiff's *pro se* status, the Court liberally construes Plaintiff's filings in this action. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Defendants move to dismiss the Complaint on the basis of the *Colorado River* abstention doctrine, arguing that the instant action (the "federal action") and Plaintiff's pending state court action, *Tomaino v. Town of Brookhaven*, Supreme Court of the State of New York, County of Suffolk, Index No. 615838/2023 (the "state action"), are concurrent and parallel and that the *Colorado River* factors weigh in favor of abstention and therefore dismissal is warranted. *See generally* Motion; Defendants' Memorandum of Law in Support of Motion to Dismiss ("Def. Br."), ECF No. 19-7.  Plaintiff opposes the Motion, arguing that the federal action and the state action are not parallel and that, in any event, the *Colorado River* factors weigh against abstention.  *See generally* ECF Nos. 18, 20.[2]

The Court assumes herein familiarity with the procedural history and background of this action and of the state action and observes that the parties do not appear to disagree as to the status of each action; what is – and what is not – alleged in each action; or that each action stems from the removal of items from Plaintiff's property by Defendant Town of Brookhaven and/or its employees.  The Court discusses the details of the respective actions only to the extent necessary for present purposes.

As set forth below, the Motion, ECF No. 19, is denied.  In summary, the Court concludes that *Colorado River* abstention is not warranted because the federal action and the state action are not parallel and the Court notes that even were the Court to have determined that the two

---

[2] Plaintiff's opposition was filed both by Defendants (at ECF No. 20) and by Plaintiff (at ECF No. 18).  The Court hereinafter cites to the filing at ECF No. 20 when referring to Plaintiff's opposition.  When citing to the filing at ECF No. 20, the Court uses the ECF-generated page numbers.

The Hofstra Pro Se Legal Assistance Program assisted Plaintiff in the preparation of a draft of his opposition to the Motion but does not appear in this action on his behalf.  *See* ECF No. 20 at 16.

2

actions are parallel, the Court nevertheless would retain jurisdiction because the *Colorado River* factors weigh in favor of retaining jurisdiction.

## BACKGROUND

### I. The State Action[3]

On June 27, 2023, Plaintiff commenced the state action against Defendant Town of Brookhaven. *See* ECF No. 19-3. Plaintiff initially brought three causes of action.

The First Cause of Action alleged, *inter alia*, that at all relevant times, Plaintiff was the owner of certain premises located in the Town of Brookhaven; that "Defendant Town of Brookhaven without having the Plaintiff having an opportunity to be heard abused its discretion in determining that the personal property at the premises was litter as defined by the Sanitary Code of the Town of Brookhaven;" that "as a result of its arbitrary and capricious determination the Defendant without permission of the Plaintiff owner entered upon the Plaintiff's property;" that "Defendant collected and removed the Plaintiff's personal property for its o[w]n use;" and that "Plaintiff is entitled to damages for such conversion of the Plaintiff's Property in the sum of $148,280.00." *See* ECF No. 19-3 at 4-5 (ECF-generated page numbers).

The Second Cause of Action – for "Willful Destruction of Personal Property" – alleged, *inter alia*, that Defendant "willfully and maliciously destroyed and/or damaged the personal property of the Plaintiff" and that "as the result of the willful and malicious destruction of the Plaintiff's property, the Plaintiff has been damaged . . . at least $143,280.00." *See* ECF No. 19-3 at 5-6 (ECF-generated page numbers).

The Third Cause of Action – for "Punitive Damages" – alleged, *inter alia*, that

---

[3] The information contained in this section is taken from the state court filings submitted in the instant action in connection with the Motion and is not disputed.

3

"Defendant intentionally converted and removed Plaintiff's personal property;" that "[t]he Sanitary Code of the Town of Brookhaven under such authority that the Defendant acted thereunder violated both the Plaintiff's rights under . . . the United States Constitution and the Constitution of the State of New York, in that his personal property was taken without due process of law; with no opportunity to be heard and without just compensation;" and that "Plaintiff has been irreparably harmed for violation of his right and the egregious act of Defendant in violation of those rights in removing, taking and destroying the Plaintiff's personal property" and sought punitive damages "in an amount o[f] $7,000,000.00." *See* ECF No. 19-3 at 6-7 (ECF-generated page numbers).

The parties to the state action subsequently stipulated to dismissal of the Third Cause of Action. *See* ECF No. 19-6; ECF No. 20 at 12.

The parties appear to agree that at the time of the filing of the Motion and opposition thereto, discovery was underway in the state action. *See* Def. Br. at 5; ECF No. 20 at 22-23.

## II. The Federal Action

On April 29, 2024, Plaintiff commenced the federal action with the filing of the Complaint. *See* Compl. Liberally construed, the Complaint brings a claim under 42 U.S.C. § 1983 ("Section 1983") against Defendants for allegedly violating Plaintiff's rights under the United States Constitution by removing items from his property without affording him due process and brings a claim against Defendants under the Americans with Disabilities Act ("ADA"). *See generally* Compl. (referencing, *inter alia*, Fourth and Fourteenth Amendments and Title II of the ADA).

In the Complaint, Plaintiff alleges, *inter alia*: that he is "a disabled handicap senior with cancer a bad left eyesight problem diabetic;" that in 2022, he "was doing improvements inside

4

and outside his home;" that he "had material outside [his] home on the side [of his] property;" that "as a memorial to [his] wife [he] had a granite stone outside with her ashes;" that in April 2022, he went to urgent care for injury to his left foot, sustained by stepping on a piece of glass; that on or around April 22, 2022, "someone planted onto [his] lawn a sign" stating that he had 10 days to remediate the "alleged violation of the Sanitary Code of the Town of Brookhaven;" that in May 2022, he was admitted to the hospital in connection with his foot injury; that after he left the hospital, he saw the sign posted on his lawn; that prior to the issuance of the notice, Plaintiff "did not receive a ticket or other citation charging [him] with a violation of any town code of the Town of Brookhaven" and "did not receive a notice to appear before an administrative hearing officer or magistrate of any court regarding the allegations contained in said notice;" and that in June 2022, the town entered onto his property without his permission and removed his wife's ashes and other items.  *See* Compl. at 8-9.  Plaintiff also includes allegations relating to his communications with various town employees and with the Suffolk County Police Department in connection with the removal of items from his property and Plaintiff alleges that he was "so sick" at the time of relevant events and was "going to hospital everyday for up to 6 hours" in June 2022.  *See* Compl. at 9-10.

Plaintiff appears to seek a total of $25,000,000.00, noting that the approximate value of the items removed from his property, exclusive of his wife's ashes, was $143,280.00 and noting poignantly that "no figure can be put on the removal of [his] wife of 36 years ashes and thrown into a dumpster by a bulldozer."  *See* Compl. at 6.

## DISCUSSION

As the parties appear to agree, the sole issue before the Court with respect to the Motion is whether the Court should abstain from exercising jurisdiction over the federal action pursuant

5

to the doctrine of abstention articulated by the United States Supreme Court in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).  For the reasons set forth below, *Colorado River* abstention is not warranted here and the Motion therefore is denied.

## I. Applicable Law

The legal standards applicable here are well settled and the parties do not appear to dispute the applicable standards.

As the United States Court of Appeals for the Second Circuit has noted, "[a]bstaining from exercising federal jurisdiction 'is the exception, not the rule,'" *see Mochary v. Bergstein*, 42 F.4th 80, 84 (2d Cir. 2022) (quoting *Colorado River*, 424 U.S. at 813), and "[w]here a federal court has subject matter jurisdiction, it has a virtually unflagging obligation to exercise that jurisdiction, even if an action concerning the same matter is pending in state court," *see id.* (quotation omitted); *see also id*. at 85 (noting that "[a]bstention was 'never a doctrine of equity that a federal court should exercise its judicial discretion to dismiss a suit merely because a State court could entertain it'" (quoting *Colorado River*, 424 U.S. at 814)).  As the Second Circuit has also noted, however, pursuant to *Colorado River*, "in addition to previously established categories of abstention, in certain 'exceptional circumstances' a federal court may abstain from exercising jurisdiction where an existing parallel state-court litigation would accomplish a 'comprehensive disposition of litigation.'"  *See id*. at 85 (emphasis omitted) (quoting *Colorado River*, 424 U.S. at 813, 817-18).

In conducting a *Colorado River* analysis, a court must make a threshold determination that the concurrent actions are "parallel."  *See id*.  Actions are parallel "when substantially the same parties are contemporaneously litigating substantially the same issue in another forum."  *See id*. (quotation omitted); *see also Niagara Mohawk Power Corp. v. Hudson River-Black River*

*Regulating Dist.*, 673 F.3d 84, 100 (2d Cir. 2012); *Mazuma Holding Corp. v. Bethke*, 1 F. Supp. 3d 6, 20 (E.D.N.Y. 2014) (noting that "parallelism is achieved where there is a substantial likelihood that the state litigation will dispose of all claims presented in the federal case" (quotation omitted)); *First Keystone Consultants, Inc. v. Schlesinger Elec. Contractors, Inc.*, 862 F. Supp. 2d 170, 182 (E.D.N.Y. 2012) (noting that in determining whether two actions are parallel, "the court may consider whether the actions involve the same (i) parties, (ii) subject matter, and (iii) relief requested" and that there must be "a substantial likelihood that the state litigation will dispose of *all* claims presented in the federal case" (quotation omitted)). "Mere 'commonality in subject matter' does not render actions parallel." *Mochary*, 42 F.4th at 86 (quoting *Dittmer v. Cty. of Suffolk*, 146 F.3d 113, 118 (2d Cir. 1998)). Courts have noted that "[a]ny doubt regarding the parallel nature of a federal and state action should be resolved in favor of the exercise of federal jurisdiction." *See, e.g.*, *Mazuma Holding Corp.*, 1 F. Supp. 3d at 20 (quotation omitted).

If a court concludes that the actions are parallel, the court must then consider the following six factors in determining whether "exceptional circumstances" justify abstention:

> (1) whether the controversy involves a res over which one of the courts has assumed jurisdiction; (2) whether the federal forum is less inconvenient than the other for the parties; (3) whether staying or dismissing the federal action will avoid piecemeal litigation; (4) the order in which the actions were filed, and whether proceedings have advanced more in one forum than in the other; (5) whether federal law provides the rule of decision; and (6) whether the state procedures are adequate to protect the plaintiff's federal rights.

*See Mochary*, 42 F.4th at 85 (quotation omitted); *see also Niagara Mohawk Power Corp.*, 673 F.3d at 100-01.[4] "[T]he decision whether to dismiss a federal action because of parallel state-

---

[4] The standard for staying an action under *Colorado River* abstention is the same as for dismissing an action – here, no party has requested a stay.

7

court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Mochary*, 42 F.4th at 85-86 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983)); *see also Niagara Mohawk Power Corp.*, 673 F.3d at 104. "Only the clearest of justifications will warrant dismissal." *See Mochary*, 42 F.4th at 86 (quoting *Colorado River*, 424 U.S. at 819). Because "the balance is heavily weighted in favor of the exercise of jurisdiction," "the facial neutrality of a factor is a basis for retaining jurisdiction, not for yielding it." *See Woodford v. Cmty. Action Agency of Greene Cnty., Inc.*, 239 F.3d 517, 522 (2d Cir. 2001) (alteration accepted) (quotation omitted); *see also Niagara Mohawk Power Corp.*, 673 F.3d at 101.[5]

## II. The Motion and Opposition

Defendants argue that the federal action and the state action are concurrent and parallel and that the *Colorado River* factors weigh in favor of abstention and therefore dismissal is warranted. In arguing that the actions are parallel, Defendants point to various overlapping allegations across the two complaints and to overlapping damages requests. *See* Def. Br. at 2-3; *see also* Defendants' Reply Memorandum of Law ("Reply") at 1-3, ECF No. 21. In arguing that the *Colorado River* factors weigh in favor of abstention and therefore dismissal is warranted, Defendants argue, in substance, that the Court should abstain to avoid piecemeal litigation and because the state action has advanced further than the federal action and the state court is fully competent to adjudicate Plaintiff's civil rights claims and offer a "comprehensive and efficient

---

[5] A motion to dismiss based on the *Colorado River* abstention doctrine is assessed under the same standard as a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. *See, e.g.*, *Baptiste-Elmine v. Richland & Falkowski, PLLC*, No. 21-CV-04994, 2025 WL 974346, at *13 (E.D.N.Y. Apr. 1, 2025).

8

remedy for all the issues between the parties." *See* Def. Br. at 4-7. In addition, Defendants assert that "there are clear indications that Plaintiff's federal lawsuit is reactive in nature" and that the federal action "was initiated as a tactical response to Plaintiff's earlier inability to maintain his punitive damages claim against the Town in the State Action." *See* Def. Br. at 7. Defendants discount Plaintiff's ADA claim as "meritless on its face" and "unfounded" and argue that the ADA claim "should not influence the Court's abstention analysis." *See* Reply at 3.[6]

In opposing the Motion, Plaintiff argues that the federal action and the state action are not parallel and that, in any event, the *Colorado River* factors weigh against abstention. In support of his argument that the actions are not parallel, Plaintiff points to the fact that the federal action – and not the state action – is brought not only against Defendant Town of Brookhaven but also against several of its employees. *See* ECF No. 20 at 18-20. Plaintiff also points to the fact that the federal action – and not the state action – alleges a claim under the ADA – *i.e.*, "that the Town refused to make reasonable modifications to their procedures of notice and removal despite their knowledge of Plaintiff's disability and his requests for more time." *See* ECF No. 20 at 20. Plaintiff further asserts that "[e]vidence pertaining to Plaintiff's emotional distress stemming from the Defendants' conduct is also an aspect unique to these proceedings." *See* ECF No. 20 at 20.

Notwithstanding that Plaintiff asserts that the "threshold determination of parallel proceedings has not been met" and that the Court "should therefore deny Defendants' motion," *see* ECF No. 20 at 20, Plaintiff nevertheless proceeds to set forth his position that a balance of the *Colorado River* factors weighs against abstention, arguing, *inter alia*: (1) that although there

---

[6] Defendants did not move to dismiss such claim for failure to state a claim. *See generally* docket.

may be "some amount of duplication," declining abstention would not result in piecemeal litigation because "the legal issues and relevant evidence will be different, given the federal claims raised;" (2) that even though the state action was filed first and is in the discovery phase, "discovery in the state action would currently not encompass the discovery needed for the federal claims raised in the present federal action;" (3) that even though Plaintiff's claims could be heard in state court, there is the "potential for procedural complexity and confusion," including because in the federal action, Plaintiff is suing the individual Defendants "in their personal capacity;" (4) that federal law is "the primary governing authority in this action;" and (5) that adding Plaintiff's federal claims to the state action "would only cause further delay." *See* ECF No. 20 at 21-24. Plaintiff also argues that his requested relief for punitive damages – now brought only in the federal action – is lawful. *See* ECF No. 20 at 24-25.

### III.    The Federal Action and the State Action Are Not Parallel and Abstention Is Not Warranted

As Plaintiff persuasively argues, the federal action and the state action are not parallel for purposes of *Colorado River* abstention. Although – as all parties acknowledge – there is certain overlap of facts and parties, the federal action asserts claims that are not brought in the state action. Whereas the state action brings claims for conversion and willful destruction of property, the federal action brings a claim under Section 1983, premised on violations of Plaintiff's rights under the United States Constitution, and brings a claim under the ADA. The federal action also asserts claims against additional parties not named in the state action – and brings claims against those additional parties in their individual capacities. Further, the relief sought in the federal action is not the same as that sought in the state action. Here, resolution of the state action would not comprehensively resolve the litigation among the parties – it would not resolve all claims in the federal action.

10

Because the federal action and the state action are not parallel, the Motion, which is premised solely on *Colorado River* abstention, is DENIED.

\* \* \*

Because the Court has concluded that the federal action and the state action are not parallel, the Court need not engage in an analysis of the *Colorado River* factors. Out of an abundance of caution, the Court notes that even were the Court to have determined that the two actions are parallel, the Court nevertheless would retain jurisdiction and deny the Motion on the basis of the Court's balancing of the *Colorado River* factors.[7]

---

[7] Here, each *Colorado River* factor is either neutral – which is a basis for retaining jurisdiction, not for yielding it – or weighs in favor of retaining jurisdiction: Neither court has assumed jurisdiction over a res; the state court (located in Suffolk County) and the federal court (located in Brooklyn and in Suffolk County, with the assigned Magistrate Judge located in the courthouse in Suffolk County) are equally convenient; to the extent that there is piecemeal litigation, there is no reason to conclude that inconsistent outcomes are not preventable by straightforward application of principles of preclusion; although the state action was filed first, the two actions do not appear to be at materially different stages and, as Plaintiff asserts, the discovery in the state action would not encompass all of the discovery needed for the federal claims; federal law governs the Section 1983 and ADA claims; and although the Court cannot conclude based on the record before the Court that state procedures are not adequate to protect Plaintiff's rights, as Plaintiff notes, Plaintiff's federal claims are not currently raised in the state action. Mindful that *Colorado River* abstention is an "extraordinary and narrow" exception to the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given to them," *see Colorado River*, 424 U.S. at 817-18; *Mochary*, 42 F.4th at 85, were the Court to have determined that the federal action and the state action are parallel, the Court nevertheless would retain jurisdiction and deny the Motion. The Court notes for record completeness that it finds unavailing Defendants' assertion with respect to the reactive nature of the federal action, *see* Def. Br. at 7.

11

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss, ECF No. 19, is DENIED.

SO ORDERED.

                                                */s/ Diane Gujarati*
                                                DIANE GUJARATI
                                                United States District Judge

Dated: August 11, 2025
        Brooklyn, New York